KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@utah.gov

*Attorney for Defendant Meb Anderson*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD ROBINSON,<br><br>                Plaintiff,<br><br>v.<br><br>TAD MECHAM, et al.,<br><br>                Defendants. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:16-cv-450-DB-DBP<br><br>District Judge Dee Benson<br>Magistrate Judge Dustin B. Pead |

## MOTION

Defendant, Meb Anderson, by and through counsel, Kyle J. Kaiser, Assistant Utah

Attorney General, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and DUCivR7-1,

moves to dismiss Plaintiffs' Amended Complaint (doc. 21) against him.  The bases of the motion

are:

- Absolute immunity protects Anderson from suit in these circumstances.

- Plaintiff's complaint fails to state a plausible claim for relief against Anderson, whose only action has been defending other named defendants in this case.

For these reasons, as more fully discussed in the attached Memorandum of Law, AAG Anderson respectfully requests that the Amended Complaint be dismissed against him, with prejudice.

# MEMORANDUM OF LAW

## FACTS

The following facts, taken from Plaintiff's Amended Complaint and documents which may be judicially noticed, are accepted as true for the purpose of this Motion only.

1. Plaintiff Harold Robinson was a commercial truck driver.  (*See, e.g.,* Pl.'s Am. Compl. (doc. 21) ¶ 5.)  He and his wife were involved in an encounter with a number of inspectors and enforcement agents at the Kanab Point of Entry, where he attempted to enter the State of Utah while commercially transporting a load of produce.  (*Id.* ¶¶ 23–69.)

2. Believing that their civil rights had been violated during the encounter, Plaintiff Robinson's wife filed a complaint against two of the government officials in federal court.  (*See Robinson v. Mecham*, Case No. 2:15-cv-00738-CW (D. Utah filed Oct. 14, 2015,), the docket for which is attached as Exhibit A.)

3. Defendant Meb Anderson is an Assistant Utah Attorney General, employed in the Litigation Division of the Utah Attorney General's Office. (Am. Compl. ¶ 13; *see also* Ex. A. at 1.)  AAG Anderson was assigned to defend the government officials in the complaint brought by Mrs. Robinson.  (Docket, Ex. A. at 1; Am. Compl. ¶ 142–43.)  He had no involvement in the incident before his representation of the officials in the lawsuit.  (*See id.*)

4. As part of the litigation with Mrs. Robinson, AAG Anderson filed a number of motions for extension of time to answer the Complaint on behalf of the government officials, each of which were granted. (Docket, Ex. A. at 2–3 (docs. 11, 12, 13, 14,

16, and 17).) AAG Anderson then filed a motion to dismiss the complaint for failure to state a claim (Docket, Ex. A. at 3, doc. no. 18), and sought, and received, a motion for extension of time to file the reply memorandum in support of the motion (*id.*, doc. nos. 21, 22.) Magistrate Judge Wells issued a Report and Recommendations, recommending that the motion to dismiss be granted, and Judge Waddoups affirmed it (albeit on different grounds under a summary judgment standard). (*Id.* at 4–5, docs. 32, 44).

5. The Robinsons were not pleased with AAG Anderson's handling of the case. Mrs. Robinson filed a motion to strike a reply memorandum filed by AAG Anderson (*id.* at 3–4, docs. 25, 26, 28, 29) and sought sanctions against AAG Anderson (*id.* at 4–5, docs. 34, 35, 36, 27, 38, 39, 45). Mrs. Robinson sought sanctions against AAG Anderson for, among other things filing a "frivolous" motion to dismiss (Mot. for Sanctions, Case No. 15-cv-00738 (doc. 34) at 2, for making allegedly improper misrepresentations in seeking extensions of time (*id.* at 4–5), and for allegedly "alter[ing]" the video at issue in the case resulting in the "concealment of criminal conduct committed by [the government officials]" (*id.* at 3, 5–6). The motion to strike was denied by Judge Wells, (Docket, Ex. A, at 4, doc. 30), and the motion for sanctions was denied as moot by Judge Waddoups, because the motion filed by AAG Anderson, which Plaintiffs categorized as "frivolous" was granted. (*Id.* at 5, docket text ord. 45).

6. During the pendency of Mrs. Robinson's case, Plaintiff Robinson decided to file his own civil rights action in the above-captioned case. His original complaint was based

on the same incident at the core of Mrs. Robinson's complaint, but he also included,

among others, claims of conspiracy and violation of his rights to equal protection

(claiming to be an African-American whom the government officials intentionally

discriminated against because of his race). (Compl. (doc. 3) Case No. 16-cv-00450.)

Because the factual basis for the complaint was the encounter at the Kanab Point of

Entry, AAG Anderson was not involved in this incident whatsoever.

7. Once again AAG Anderson entered his appearance on behalf of the state government

officials sued by seeking a motion for extension of time to answer the complaint.

(Mot. for Ext. of Time, (doc. 6).)  Later, AAG Anderson filed a Motion to Dismiss

(doc. 20), relying on Judge Wells' Report and Recommendation and Judge

Waddoups' Memorandum Decision in Mrs. Robinson's case as a basis to dismiss Mr.

Robinson's case.

8. Mr. Robinson chose not to respond to AAG Anderson's Motion to Dismiss.  Rather,

on the last day he could[1] Mr. Robinson filed an Amended Complaint (doc. 21).

Among other things, the Amended Complaint named AAG Anderson as a Defendant

in the suit.  (Am. Compl. (doc. 21) ¶ 13.)

9. All of Mr. Robinson's allegations against AAG Anderson are related to AAG

Anderson's work as an attorney representing the other government officials sued by

Mr. or Mrs. Robinson in their respective lawsuits.  The allegations include:

---

[1] *See* Mot. to Dismiss (doc. 20) (filed and served February 7, 2017); Am. Comp.. (doc. 21) (filed March 3, 2017); Fed. R. Civ. P. 15(a)(1)(B) (allowing a plaintiff to amend a complaint without leave of court "21 days after service of a motion under Rule 12(b) …"; Fed. R. Civ. P. 6(d) (allowing an additional three days for service by mail).

a. AAG Anderson appeared as counsel for Defendants Mecham and Hammon in Mrs. Robinson's lawsuit (Am. Compl. ¶ 142–43);

b. AAG Anderson "significantly delayed [Mrs. Robinson]'s case (*id.* ¶ 144);

c. AAG Anderson "released public records" in the lawsuit (*id.* ¶ 145);

d. AAG Anderson "reviewed" the "surveillance footage" (in the context of defending the lawsuit), "witnessed all of the [alleged] crimes that" the government officials committed, and "cover[ed]-up" the point of entry incident, by among other things "tamper[ing] with the public record [the video of the point of entry incident] and filed the "fraudulent and severely mutilated 'copy'" of the video with the Court in Mrs. Robinson's case (*id.* ¶¶ 147–54); and

e. AAG Anderson "presented" "false representations to the United States District Court" in the motions he filed (*id.* ¶ 155).

10. Mr. Robinson has sued AAG Anderson as part of an "ongoing conspiracy cover-up" allegedly actionable under § 1983, (*id.* ¶ 223), as part of an "ongoing conspiracy to obstruct justice," allegedly actionable under § 1983 (*id.* ¶ 228), as part of an "ongoing conspiracy to deprive rights privileges, immunities" allegedly actionable under 42 U.S.C. § 1985 (*id.* ¶ 235), as part of an "ongoing conspiracy failure to intervene" as allegedly actionable under 42 U.S.C. § 1986, for state common-law civil conspiracy (*id.* ¶ 268), and for common-law defamation (*id.* ¶ 273).

## LEGAL STANDARD

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff.  *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).  But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient.  *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed.  *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).  This includes court filings and docket entries. In the context of a motion to dismiss, this Court may take judicial notice of a state court docket and filings.  *See St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at

issue."); *see also* 21B Fed. Prac. & Proc. Evid. § 5106.4 *Facts Judicially Noticeable; Indisputability—"Ascertainable Facts"—Court Records,* (2d ed.) ("Whatever the federal common law may have been, since the enactment of Rule 201 federal courts notice the records of any court, state or federal.").

**ARGUMENT**

I.      **AAG Anderson Is Entitled to Absolute Immunity from Suit for His
        Representation of State Government Officials in the Robinsons' Cases.**

Mr. Robinson's amended complaint seeks to hold AAG Anderson liable for conspiracy

and defamation under state and federal law. However, AAG Anderson was not involved in the

Point of Entry incident.  Rather, his only involvement with the Robinsons has been as counsel for

the government officials the Robinsons have sued. Mr. Robinson seeks to hold AAG Anderson

financially liable for alleged constitutional violations which Robinson claims occurred during the

litigation of the two suits.  However, AAG Anderson is absolutely immune from suit for any

such conduct.  Accordingly, he should be dismissed as a defendant.

"Absolute immunity operates to protect appropriate defendants from exposure to the

litigation process.  Like qualified immunity, absolute immunity entitles its possessor to be free

from suit, not simply from liability." *Murphy v. Morris*, 849 F.2d 1101, 1104 (8th Cir. 1988)

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Absolute immunity to government

attorneys was given originally to prosecutors, on the idea that prosecutors, like judges and juries

should be free from harassing lawsuits which deflect the prosecutor's energies and affect the

prosecutor's independent judgment in seeking justice. *Imbler v. Pachtman*, 424 U.S. 409, 423–

28 (1976).  The immunity applies when the prosecutor is "acting as an officer of the court,"

performing conduct "intimately associated with the judicial phase of the criminal process," rather

than as an investigator or a non-prosecutorial administrator. *Van de Kamp v. Goldstein*, 555 U.S.

335, 343–45 (2009) (citations and quotations omitted).

1

But state prosecutors in criminal cases are not the only government attorneys to whom absolute immunity has been extended.  Rather, courts across the country have held that state attorneys representing also enjoy absolute immunity from suit for actions arising out of their defense of government officials in civil § 1983 lawsuits.  Noting that the rationales for extending absolute immunity to prosecutors in criminal proceedings, prosecutors in administrative proceedings, and witnesses in judicial proceedings applied to government attorneys representing government defendants in § 1983 lawsuits, the Eighth Circuit specifically held that absolute immunity applied in such situations. *Murphy v. Morris*, 849 F.3d 1101, 1105 (8th Cir. 1988) ("We are convinced that the regular advocacy functions of an assistant attorney general, in defense of civil rights litigation, are worthy of the protections afforded by absolute immunity.").

Other circuits' law is similar. *E.g., Barrett v. United States*, 798 F.2d 565, 571-73 (2d Cir.1986); *Ellison v. Stephens*, 581 F.2d 584, 585 (6th Cir. 1978) ("[T]he imposition of a legal defense, whether valid or not, is unquestionably 'an integral part of the judicial process' and may not be the basis of a civil rights action against the state's attorney who is immune under § 1983 for such conduct." (citations and further quotations omitted); *Mendenhall v. Goldsmith*, 59 F.3d 685, 690–91 (7th Cir. 1995) (holding that when an attorney acts "in his capacity as an advocate for the state," even in a civil proceeding, he is entitled to absolute immunity); *Turner v. Price*, 936 F.2d 580, 1991 WL 113796, at * 1 (9th Cir. June 21, 1991) (mem. table op. not selected for publication) (holding that state attorneys "are immune from liability for advocacy functions performed in defense of civil rights litigation, which includes filing pleadings as part of the defense").

2

The Tenth Circuit, and district courts from the Tenth Circuit, have also recognized this general rule.[2] Thus, there is general consensus that "assistant attorneys general [are] absolutely immune from claims related to their advocacy functions in defending state officers in civil rights suits." *McConnell v. King*, 42 F.3d 471, 472 (8th Cir. 1994).

That is exactly what Mr. Robinson is complaining of here.  He asserts that AAG Anderson is an "officer of the Court."  (Am. Compl. ¶ 13).  And Mr. Robinson seeks to hold AAG Anderson liable for his conduct in the litigation—for delay, providing allegedly "tampered" evidence to the Court, and for presenting false statements in pleadings.  (Am. Compl. ¶¶ 142–55.)  These actions are all related to AAG Anderson's "advocacy function" as an "officer of the court," and thus immunity applies; *Van de Kamp*, 555 U.S. at 343–45; *McConnell*, 42 F.3d at 472; *Jenner*, 2015 WL 1042065, at * 6.

The fact that Plaintiff alleges that AAG Anderson engaged in misrepresentation or other malicious activity does not matter—the activity is still protected by absolute immunity. *see also* "Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule …." *Robinson*, 940 F.2d at 1372 n.4; *see also, e.g., Al-Bari v. Winn*, No. 89-5150, 907 F.3d 150, 1990

---

[2] *Christensen v. Ward*, 916 F.2d 1462, 1474–75 (10th Cir. 1990) (applying the doctrine to federal attorneys representing the government in tax proceedings in a case where the plaintiff claimed the attorneys were "negligent in researching the law applicable to plaintiff and his tax situation"); *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372 n.4 (10th Cir. 1991); *Hamilton v. Bartholomew*, No. 98-4224, 195 F.3d 874, 1999 WL 525904 at * 4 n.4 (10th Cir. June 30, 1999) (per curiam ord. & j. not selected for publication); *Jenner v. Brightwell*, No. 14-cv-00916-RBJ-KMT, 2015 WL 1042065, at * 6 (D. Colo. March 6, 2015) (ord. not selected for publication) (concluding that a state's attorney's filing of a motion to dismiss "lies directly at the heart of the judicial process," and thus state's attorney was entitled to absolute immunity for damages claim allegedly arising out of the motion); *Van Deelen v. City of Kan. City, Mo.*, No. 05-2028, 2005 WL 3050151, at * 8 (D. Kan Nov. 15, 2005).

WL 94229 (6th Cir. July 9, 1990) (per curiam table op. not selected for publication) (holding § 1983 defense counsel enjoyed absolute immunity against claims that the attorney "submitted falsified documents to a federal district court in the course of their defense of state officials in another suit brought by plaintiff").

All of AAG Anderson's actions that Mr. Robinson complains of were undertaken by an attorney representing other government officials in a civil § 1983 lawsuit.  Absolute immunity protects AAG Anderson from Plaintiff's claims, and he should be dismissed from the Amended Complaint.[3]

## II.    Robinson's Claims Against AAG Anderson Fail to State a Claim.

Even if the Court were to look at the merits of Mr. Robinson's claims against AAG Anderson, it is clear that he cannot state a claim against him.

### A.   The Conspiracy Claims Fail

To state a claim for § 1983 conspiracy, there must be proof of both a violation of an underlying constitutional right, and that the defendant reached an understanding with another to violate Plaintiff's rights. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir.1995). Similarly, a § 1985(3) claim also requires proof of a conspiracy to deprive plaintiff of a constitutional right.  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  A § 1985(2) claim requires facts showing a conspiracy to deter testimony by force or intimidation.  *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1124 (10th Cir. 2007).  Plaintiff fails on both counts.

---

[3] To the extent that the Court holds that absolute immunity does not cover all of AAG Anderson's actions AAG Anderson is still protected by the doctrine of qualified immunity.  He reserves the right to assert qualified immunity as a defense in any subsequent response.

"[S]ubjective suspicions and unsupported speculation" about an agreement are insufficient. *Carey v. Hubbard*, No. ____ 2014 WL 6750530, at * 2 (M.D. Ala. Dec. 1, 2014) (ord. not selected for publication), *approving* Rep. & Recommendation. *id.* And Plaintiff's allegations regarding AAG Anderson's involvement is nothing more than "subjective suspicions and unsupported speculation." Plaintiff fails the first element.

Mr. Robinson also fails the substantive element. For the reasons stated in AAG Anderson's Motion to Dismiss, both Judge Wells and Judge Waddoups have determined that there was no underlying constitutional violation at the Port of Entry in Kanab. *Robinson v. Mecham*, Case No. 2:15-cv-00738-CW. Therefore, AAG Anderson could not have "conspired" to "cover-up" any such illegal activity. The conspiracy claims fail. And because the conspiracy claims fail, Plaintiff's § 1986 claim also fails. *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo. 1998) ("A violation of section 1985, *i.e.*, an actionable conspiracy, is a prerequisite for a claim under section 1986.").

Plaintiff's conspiracy claims, and their derivatives, fail to state a claim and should be dismissed on their merits if AAG Anderson is not entitled to absolute immunity.

### B. The Defamation Claim Fails.

Mr. Robinson's defamation claim against AAG Anderson also fails. In addition to the fact that Mr. Robinson does not appear to have filed a Notice of Claim regarding this new state law claim, *see* Utah Code § 63G-7-401(2), any alleged "misrepresentations" AAG Anderson made or provided to the Court in legal pleadings are subject to the judicial proceeding privilege.

That privilege protects "judges, jurors, witnesses, litigants, and counsel involved in a judicial proceeding" from a defamation suit so long as the allegedly defamatory statements were

"(1) made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceeding; and (3) be made by someone acting in the capacity of a judge, juror, witness, litigant, or counsel." *Krouse v. Bower*, 2001 UT 28, ¶ 8, 20 P.3d 895 (quoting *DeBry v. Godbe*, 1999 UT 111, ¶ 11, 992 P.2d 979 (further citations, and all quotation marks omitted). All the statements at issue were "present[ed] … to a court of record" (Am. Compl. ¶ 274) by an "Officer of the Court" (*id.* ¶ 13) and were "concern Plaintiff with regards to the [point of entry] incident" (*id.* ¶ 274). All three elements of the judicial proceeding privilege are easily met here, and the defamation claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Meb Anderson respectfully requests that the Court grant his motion and dismiss Plaintiff's Amended Complaint against him, with prejudice.

DATED March 24, 2017**.**

SEAN D. REYES
Utah Attorney General


/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorney for Defendant Anderson

## CERTIFICATE OF MAILING

I certify that on March 24, 2017, I electronically filed the foregoing, **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT,** using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing was sent by United States mail, postage prepaid, to the following:

Harold Robinson
4451 S. Dean Dr. Apt. A.
West Valley, UT 84120
(801) 647-3406
Pro Se

<u>/s/ Shykell Ledford</u>