IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD ROBINSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TAD MECHAM, ET AL.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00450-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## <u>INTRODUCTION</u>

This case was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) On June 2, 2016, the Court granted pro se Plaintiff Harold Robinson ("Plaintiff") leave to proceed in forma pauperis. (ECF No. 2.) Plaintiff's Verified First Amended Complaint ("Amended Complaint") seeks declaratory relief, injunctive relief, damages, and attorney fees for alleged violations of his civil rights during an inspection of Plaintiff's truck at the point of entry located in Kanab, Utah. (ECF No. 21.) The case is now before the Court on Defendant Meb Anderson's Motion to Dismiss ("Motion"). (ECF No. 23.)

For the reasons set forth below, this Court **RECOMMENDS** the District Court **GRANT** Defendant Anderson's Motion. As Defendant Anderson was—and is currently—representing the state government officials in this case and in a similar case Mrs. Robinson filed, he is entitled to absolute immunity from civil liability arising from his actions. Further, Defendant Anderson is entitled to dismissal because the Amended Complaint fails to state a viable claim against him.

## FACTUAL BACKGROUND

Defendant Meb Anderson is an assistant Utah Attorney General. His involvement with this case began when he entered an appearance as counsel on behalf of certain state officials sued in a civil rights complaint brought by Mrs. Robinson.[1] (ECF No. 21 at 23.) When Plaintiff filed his own claims here, Defendant Anderson again represented the state officials named as defendants. Defendant Anderson filed a motion to dismiss Mr. Robinson's claims in his original Complaint against Defendants Berrie, Hammon, and Mecham. (ECF No. 20) (requesting dismissal of ECF No. 3). Rather than respond to the motion, Mr. Robinson amended his Complaint to name Defendant Anderson as, among other things, a co-conspirator conspiring to deprive Plaintiff Robinson of his constitutional rights and defaming him in the lawsuit. (*See* ECF No. 21.) Separate counsel for Mr. Anderson filed the present Motion, requesting the Court dismiss the Amended Complaint, arguing that Anderson is protected by absolute immunity and that the Amended Complaint fails to state a claim against him. (ECF No. 23.) The remaining Defendants did not respond to Plaintiff's Amended Complaint.

Despite being mailed a copy of Defendant Anderson's Motion, Plaintiff did not respond to it. (*See* ECF No. 23 at 23.) Defendant Anderson timely submitted the Motion for decision. (*See* ECF No. 24.)

## ANALYSIS

### I.   Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] *See Robinson v. Mecham,* No. 2:15-cv-00738-CW (January 23, 2017).

678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While a pro se complaint must be construed liberally, the Court must avoid acting as an advocate for a pro se litigant. *Id.*

II.     **Plaintiff fails to state a viable claim against Defendant Anderson**

Defendant Anderson argues Plaintiff's Amended Complaint fails because Defendant Anderson enjoys prosecutorial immunity and Plaintiff fails to properly allege a viable claim. The Court agrees.

a.  **Defendant Anderson enjoys prosecutorial immunity**

Defendant Anderson is entitled to prosecutorial immunity because Plaintiff's allegations against him describe only actions taken as part of Defendant Anderson's regular advocacy functions. Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show a court. *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009). Additionally, courts outside the Tenth Circuit have held that state attorneys also enjoy absolute immunity from suit for actions arising out of their defense of government officials in civil § 1983 lawsuits. *E.g.*, *Murphy v. Morris*, 849 F.3d 1101, 1105 (8th Cir. 1988) (stating "the regular advocacy functions of an assistant attorney general, in defense of civil rights litigation, are worthy of the protections afforded by absolute immunity."). While the Tenth Circuit has not

expressly adopted this immunity, it has cited cases adopting it with approval. *E.g., Hamilton v. Bartholomew*, No. 98-4224, 185 F.3d 874, 1999 WL 525904 at *4 n.4 (10th Cir. June 30, 1999) (unpublished). Likewise, other district courts within the Tenth Circuit have afforded absolute immunity to government attorneys defending civil suits. *E.g. Jenner v. Brightwell*, No. 14-cv-00916, 2015 WL 1042065, at * 6 (D. Colo. March 6, 2015) (unpublished) (concluding that a state's attorney's filing of a motion to dismiss "lies directly at the heart of the judicial process," and thus state's attorney was entitled to absolute immunity for damages claim allegedly arising out of the motion). The Court is persuaded by these authorities.

Absolute immunity applies in this situation because Plaintiff does not describe any actions Defendant Anderson took other than those related to defending Plaintiff's 1983 claims against state officials. Plaintiff seeks to hold Defendant Anderson (in his capacity as an Assistant Attorney General) liable for his conduct in this litigation—for delay, for providing allegedly "tampered" evidence to this Court, and for presenting false statements in pleadings. Plaintiff's allegations are all related to AAG Anderson's "regular advocacy function" as an officer of the court. *Murphy* at 1105. Defendant Anderson should not have to second guess his strategies made during legal proceedings on the possibility that he may have to defend himself in a subsequent civil action for damages. Also, Defendant Anderson should not have to be subject to a potentially harassing civil lawsuit arising out of his advocacy for other government officials. Accordingly, this Court will recommend the District Court grant Defendant Anderson's Motion to Dismiss to the extent it seeks dismissal of any claim for money damages against Defendant Anderson because he is immune from civil liability.

### b. Prosecutorial immunity does not precludes Plaintiff's claim for injunctive relief

Notwithstanding the above, Defendant Anderson's motion does not dispose of the entire case against him because absolute immunity does not limit requests for prospective injunctive relief. "Indeed, absolute prosecutorial immunity 'extends only to liability for damages. Prosecutors may still be liable for declaratory and injunctive relief.'" *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 911 (D. Utah 2007) (quoting *Martinez v. Winner*, 771 F.2d 424, 438 (10th Cir.)). Thus, the Court now turns to Plaintiff's individual claims against Defendant Anderson.

### c. Plaintiff's allegations regarding Defendant Anderson do not state a viable claim for relief

Plaintiff fails to state a conspiracy claim under 42 U.S.C. §§ 1983 and 1985. Conspiracy claims brought pursuant to § 1983 or § 1985 require a plaintiff to prove facts showing both a violation of an underlying constitutional right, and that the defendant reached an understanding with another to violate Plaintiff's rights. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1124 (10th Cir. 2007); *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir.1995); *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

Plaintiff has not pleaded a conspiracy because he has not alleged facts that suggest Defendant Anderson made an agreement to violate Plaintiff's rights. Plaintiff's allegations contain nothing but a recitation of the elements of his causes of action coupled with conclusory allegations that "Defendants, and each of them" conspired against Plaintiff. (*E.g.* ECF No. 21 at 38.) Such undifferentiated allegations that Defendants unlawfully harmed Plaintiff fail not only to establish a conspiracy, but to meet the relatively modest requirements of Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation"). Particularly in the context of conspiracy claims these "subjective suspicions and unsupported speculation" are insufficient to support a claim of conspiracy under the civil rights laws. *Carey v. Hubbard*, No. 2:14-CV-1054, 2014 WL 6750530, at * 2 (M.D. Ala. Dec. 1, 2014) (unpublished). Defendant Anderson's acts taken in the course of representing state officials is not a conspiracy to deprive rights. Accordingly, the conspiracy claims fail.

Consequently, Plaintiff's § 1986 claim also fails because he has not alleged an actionable conspiracy. *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo. 1998) ("A violation of section 1985, *i.e.*, an actionable conspiracy, is a prerequisite for a claim under section 1986.").[2]

Next, Plaintiff Robinson's defamation claim fails. The judicial-proceeding privilege protects Defendant Anderson – in his role as counsel for the state defendants – from allegations of defamation made to the Court. *Krouse v. Bower*, 2001 UT 28, ¶ 8, 20 P.3d 895 (quoting *DeBry v. Godbe*, 1999 UT 111, ¶ 11, 992 P.2d 979). This privilege protects "judges, jurors, witnesses, litigants, and counsel involved in a judicial proceeding" from a defamation suit so long as the allegedly defamatory statements were (1) made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceeding; and (3) were made by someone acting in the capacity of a judge, juror, witness, litigant, or counsel." *Debry*, 1999 UT 111, at ¶ 11, 992 P.2d at 983 (citations and quotations omitted). Since court proceedings are the only interaction that Plaintiff Robinson and Defendant Anderson have had, and all of the allegedly defamatory statements were made in the course of the proceeding, Defendant Anderson is safeguarded from such claims.

---

[2] The Court does not reach Defendant Anderson's arguments regarding claim preclusion, but notes it has concerns about the merits of such arguments. § 4449Parties Bound—Basic Principles, 18A Fed. Prac. & Proc. Juris. § 4449 (2d ed.) ("The basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound.").

Finally, Plaintiff lists claims for intentional infliction of emotional distress and intentional interference with economic relations against all Defendants. Among other deficiencies, these claims do not allege any facts against Defendant Anderson and he enjoys immunity from civil liability as discussed above. *Supra* Part II.a. Accordingly, these claims must also be dismissed.

### RECOMMENDATION

For the reasons discussed above, this court **RECOMMENDS** the District Court **GRANT** Defendant Meb Anderson's Motion to Dismiss. (ECF No. 23.) All claims against Defendant Anderson should be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 20th day of September 2017.           By the Court:

_____
Dustin B. Pead
United States Magistrate Judge