IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> TAD MECHAM, ET AL., <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:16-cv-00450-DB-DBP <br><br> District Judge Dee Benson <br><br> Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

This case was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) On June 2, 2016, the court granted pro se Plaintiff Harold Robinson ("Plaintiff") leave to proceed in forma pauperis. (ECF No. 2.) Plaintiff filed the original Complaint ("Complaint") on June 2, 2016. (ECF No. 3.) Then on March 3, 2017, Plaintiff filed a Verified First Amended Complaint ("Amended Complaint")[1]. The Amended Complaint contains over 140 purported facts and 14 causes of action for alleged violations of Plaintiff's civil rights, and seeks declaratory relief, injunctive relief, punitive and compensatory damages, and attorney fees. (ECF No. 21.) Further, named in this action as defendants are Tad Mecham ("Mecham"), Jared Hammon ("Hammon"), Chad Sheppick, Carlos Braceras, Nick Berrie, Rodney Willis, Brent Smith, and

---

[1] On November 8, 2017, the court entered a Docket Text Order (ECF No. 30) striking the Second Amended Complaint and therefore the operative complaint is the Amended Complaint.

John/Jane Does 1-100 (referred to collectively as "Defendants").  Mr. Sheppick and Mr. Berrie were timely served with a copy of the Complaint.  (ECF Nos. 11 and 9.)[2]

Of interest is a companion matter, *Robinson v. Mecham, et al.*, 2:15-CV-738, 2017 WL 353992 (D. Utah 2017) ("Companion Matter"), wherein the Plaintiff's wife, Denise Robinson, set forth approximately 15 purported facts and alleged four (4) causes of actions claiming Defendants Mecham and Hammon violated her civil rights.  Plaintiff was not a named party in the Companion Matter.  Mecham and Hammom moved to have the Companion Matter dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Magistrate Judge Wells issued a Report and Recommendation on July 29, 2016 recommending that matter be dismissed because the claims were not plausible based upon the surveillance video that captured the events in question.  (*See* 2:15-CV-738 at ECF No. 32.)  Soon thereafter, Judge Waddoups converted the motion to dismiss into a motion for summary judgment and issued a Memorandum Decision and Order ("Memorandum Decision") affirming Magistrate Judge Wells' recommendations.  (*See* 2:15-CV-738 at ECF No. 44.)

This case is before the court on Defendants' Motion to Dismiss ("Motion").  (ECF No. 27.)   For the reasons set forth below, this court **RECOMMENDS** the District Court **DENY** Defendants' Motion.

---

[2] Consistent Fed. R. Civ. P. 4(e)(1) and U.R.Civ.P. 4(b)(ii), which was in effect in June of 2016, Plaintiff may serve the other defendants at any time prior to trial so long as the summons and complaint were timely served on at least one defendant in an action brought against two or more defendants.  When Plaintiff served a copy of the summons and Complaint on Mr. Sheppick, he complied with the operative procedural rules.

## BACKGROUND

On or about July 1, 2015, Plaintiff and his wife were traveling through Kanab, Utah in a tractor trailer combination. Plaintiff was transporting watermelons from Arizona to a retailer in Salt Lake City. As they approached the Kanab Port of Entry, a flashing light and sign ordered Plaintiff to exit the highway and enter the weigh station. After driving across the scale, a Port of Entry agent ordered the truck to stop and for Plaintiff to enter the building with paperwork.

Once inside the building, Plaintiff engaged in a conversation, which at times became heated, with Port of Entry agents Mecham and Hammon about how his truck was 1000 pounds overweight and how Utah did not grant fuel variances. At some point during the encounter, Hammon and Plaintiff's wife each request law enforcement respond to the Port of Entry office to address their respective complaints about the other. The office at the Kanab Port of Entry is under video surveillance and therefore some of the events in question were recorded.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal punctuation omitted).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider the complaint itself along with any attached exhibits and documents incorporated into

it by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Where a document is not incorporated by reference, the court may consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint. *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-153 (2d Cir. 2002)). However, even when an exhibit or a document is incorporated or is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy. *See Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006).

## ANALYSIS

1. Judicial Notice.

The court declines Defendants' invitation to dismiss this matter by taking judicial notice of the rulings issued by Magistrate Judge Wells and District Judge Waddoups in the Companion Matter. Instead of properly briefing their Rule 12(b)(6) motion, Defendants without persuasive authority claim Judge Waddoups' ruling in the Companion Matter is the law of this case based upon the tool of judicial notice. This is incorrect.

Courts may take judicial notice of another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007). However, "[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir.2002). Therefore, the court cannot assume the truth or correctness of the matters or facts decided in the Companion Matter and accept them as true in

this separate action.  *See Columbian Financial Corp. v. Bowman*, 2018 WL 2267667, *3 (D. Kan. 2018).

Additionally, the law of the case doctrine "generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case…." *U.S. v. Iverson*, 818 F.3d 1015, 1027 (10th Cir. 2016).  The law of the case of the Companion Matter does not, through judicial notice, become the law of this case, which is an entirely separate action involving different parties, facts, and causes of actions.

For instance, Plaintiff claims some of the Defendants, who are governmental employees, discriminated against him because he is allegedly a black Republican.  These facts were not raised in the Companion Matter and Defendants' Motion fails to address how such facts, accepted as true consistent with the requirements of Fed. R. Civ. P. 12(b)(6), do not rise to a level of a claim for which relief is possible.  Consistent with case law, this court can take notice that on January 24, 2017 Judge Waddoups issued a Memorandum Decision in the Companion Matter granting summary judgment.  This court, however, cannot take judicial notice of the holding or facts set forth in Judge Waddoup's Memorandum Decision as a means disposing of the Motion.  As a result, Defendants' Motion should be denied.

2. Surveillance Video.

Judge Waddoups disposed of the Companion Matter based upon facts mostly derived from the surveillance video.  However, in this action the court is unable to view the video when ruling on Defendants' Motion because (1) the video was not incorporated into the Amended Complaint, and (2) Plaintiff contests the authenticity of the video.

When Plaintiff filed the Complaint on June 6, 2016, he incorporated therein the contents of surveillance video that captured the incident in question. (ECF No. 3 at 14, ¶62 and ECF No. 4.) Specifically, Plaintiff stated, in relevant part, the following about the recording:

> The Kanab port of entry is a public building and is under constant video surveillance during business hours. The Robinsons' requested a copy of the footage during the incident through Utah's grama [sic] program…. The video content captured during the incident in question, is fully incorporated into the facts of this complaint.

(ECF No. 3 at 14,¶¶ 60-62.) The Amended Complaint, however, removes these references and does not incorporate the contents of the video. "An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint." *See Mondragon v. Camping*, 2013 WL 5609348, fn 1 (D. Colo. 2013) (citing *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204–05 (7th Cir.1998), (holding in deciding to dismiss an amended complaint, a court could not rely on factual allegations made in original complaint but not repeated or incorporated into amended one.")) Therefore, the court is unable to view the recording that was incorporated into the Complaint but omitted from the Amended Complaint.

Additionally, Plaintiff contends the video recording has been "severely tampered with…to conceal" the Defendants' unlawful conduct. (ECF No. 21 at 24, ¶153.) Plaintiff further alleges that Mecham and Hammon "solicited the assistance of Doe's 1-10 who are believed to be employed by a private technology corporation of which assisted Defendants with the tampering and mutilation" of the video. (ECF No. 21 at 24, ¶153.) Thus, the record is clear that a dispute exists regarding the accuracy of the surveillance video, which the court cannot properly reconcile in a Rule 12(b)(6) motion.

Consequently, when evaluating the merits of a 12(b)(6) motion, it would be improper for this court, through the vehicle of judicial notice, to rely on an extrinsic video recording, which the accuracy of is in dispute and which was not incorporated into the Amended Complaint.

## RECOMMENDATION

For the reasons discussed above, this court **RECOMMENDS** the District Court **DENY** Defendants' Motion to Dismiss. (ECF No. 27.) Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 20th day of August, 2018.

By the Court:

Dustin B. Pead
United States Magistrate Judge