MICHAEL J. TETER (16734)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: mteter@agutah.gov

*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD ROBINSON,<br>　　　　　　　　Plaintiff,<br>v.<br><br>TAD MECHAM, in her official and individual capacities and JARED HAMMON, in his official and individual capacities, CHAD SHEPPICK, in his official and individual capacities, CARLOS BRACERAS, in his official and individual capacities, NICK BERRIE, in his official and individual capacities, RODNEY WILLIS, in his official and individual capacities, BRENT SMITH, in his official and individual capacities, JOHN/JANE DOE 1-100, in their official and individual capacities,<br>　　　　　　　　Defendants. | **DEFENDANTS' MEMORANDUM OPPOSING MOTION FOR DEFAULT JUDGMENT**<br><br><br>Case No. 2:16-cv-00450-DB-DBP<br><br>Judge Dee Benson<br>Magistrate Judge Dustin B. Pead |

Defendants Tad Mecham, Jared Hammon, Chad Sheppick, Carlos Braceras, and Nick Berrie (collectively "Defendants"), by and through counsel Michael J. Teter, Assistant Attorney General, pursuant to Federal Rule of Civil Procedure 7 and District of Utah Civil Rule 7(a) file this Memorandum Opposing Plaintiff Harold Robinson's Motion for Default Judgement as Sanction. (Doc. 58.)

## FACTS RELEVANT TO MR. ROBINSON'S MOTION

This matter arises from Plaintiff Harold Robinson's encounter with port of entry agents and Utah Highway Patrol officers on July 1, 2015. Mr. Robinson alleges various constitutional and state-law violations. At the time of the incidents giving rise to Mr. Robinson's action, he was married to Denise Robinson. Mrs. Robinson was present at the incident and on October 19, 2015, she filed her own complaint against Defendants Mecham and Hammon. Mr. Robinson commenced his action seven months later, on May 27, 2016, and filed his Complaint on June 2, 2016.

After several extensions, at least one related to a pending motion to consolidate Mr. and Mrs. Robinson's cases, Defendants filed a motion to dismiss on February 7, 2017. (Doc. 20.) Less than a month later, Mr. Robinson filed an

amended complaint, altering his allegations and adding Defendants' attorney,

Assistant Attorney General Meb Anderson, as a defendant. (Doc. 21.) On March

24, 2017, Defendant Anderson filed his own motion to dismiss. (Doc. 23.) Mr.

Robinson never responded to Defendant Anderson's motion to dismiss, and on

July 6, 2017, Defendant Anderson filed a request to submit for decision his motion

to dismiss. (Doc. 24.)

On September 20, 2017, the Court denied as moot the original Defendants'

motion to dismiss as Mr. Robinson had filed an amended complaint. (Doc. 25.)

Defendants therefore had fourteen days to respond to the amended complaint. On

October 4, 2017, Defendants filed a motion to dismiss Mr. Robinson's amended

complaint. (Doc. 27.) On November 6, 2017, Mr. Robinson filed a second

amended complaint, adding Attorney General Jeff Sessions and Thomas Brandon,

Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives as

defendants. (Doc. 29.) The Court sua sponte struck the second amended complaint

two days later. (Doc. 30.) The parties completed the briefing on Defendants'

motion to dismiss the amended complaint on November 30, 2017, and Defendants

filed a request to submit for decision on December 11, 2017. (Doc. 34.) Mr.

Robinson filed a motion to disqualify Magistrate Judge Pead on December 13,

2017 (doc. 36), along with an accompanying motion to stay the proceedings

pending resolution of his motion to disqualify. (Doc. 35.) Mr. Robinson's motion

to stay also indicated his intent to file a motion to disqualify Defendants' counsel

Meb Anderson from the proceeding. Original Defendants, as well as Defendant

Meb Anderson, opposed both the motion to disqualify and the motion to stay the

proceedings. (Doc. 38, 39.) Mr. Robinson did not reply to Defendants' opposition

and Defendants filed a request to submit for decision Mr. Robinson's motions on

January 5, 2018. (Doc. 40, 41.)

The Court adopted Magistrate Judge Pead's recommendation to dismiss Mr.

Robinson's claim against Defendant Meb Anderson on March 14, 2018. (Doc. 42.)

Four months later, the Court denied Mr. Robinson's motion to disqualify

Magistrate Judge Pead, as well as Mr. Robinson's motion to stay the proceedings.

(Doc. 43.) On August 20, 2018, Magistrate Judge Pead recommended denying

Defendants' motion to dismiss the amended complaint (doc. 44), and the Court

adopted that recommendation on September 6, 2018. (Doc. 45.) On September 20,

2018, Defendants requested an extension of time to file their answers. (Doc. 46.)

Based on good cause shown, the Court granted Defendants' extension request,

setting October 22, 2018, as Defendants' deadline for answering the amended

complaint. (Doc. 49.) Defendants filed and served their answers to Mr. Robinson's

50-page, 281-paragraph amended complaint on October 19, 2018. (Doc. 53, 54, 55,

56, & 57.) A month later, Mr. Robinson filed the present motion seeking default

judgment. (Doc. 58.)

## ARGUMENT

Mr. Robinson requests that the Court grant him default judgment "as a

sanction against the State Defendants pursuant to the courts [sic] inherent powers"

and direct the "State Defendants to transmit a reasonable good faith settlement

offer to Plaintiff and the court within 10 days of receiving the default judgment

order so that Plaintiff and the court can assess the potential of settlement." (M. for

Default J. at 2 (Doc. 58).) Mr. Robinson's request finds no support in the law or

the facts.

Although the federal courts do possess the inherent power to punish a

litigant's misconduct that abuses the judicial process, "our legal system strongly

prefers to decide cases on their merits." *Lee v. Max Intern., LLC*, 638 F.3d 1318,

1321 (10th Cir. 2011)*.* Default judgment or dismissal, therefore, is a "severe

sanction" that "should be imposed only if a lesser sanction would not serve the

ends of justice." *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003)

(internal quotations omitted). Such a punishment is appropriate only when the

party seeking sanctions proves "willfulness, bad faith, or some fault" by clear and

convincing evidence. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th

Cir. 2005); *Xyngular Corp. v. Schenkel*, 200 F.Supp.3d 1273, 1301 (D. Utah 2016)

*aff'd sub nom. Xyngular v. Schenkel*, 890 F.3d 868 (10th Cir. 2018). Conduct

amounts to "bad faith" if it shows "intentional or reckless disregard" of the

rules. *Id.* (internal quotations and citations omitted).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Tenth

Circuit articulated five factors that district courts should evaluate when considering

whether to impose the severe sanction of dismissal or default judgment: (1) the

degree of actual prejudice to the opposing party, (2) the degree of interference with

the judicial process, (3) the litigant's culpability, (4) whether the litigant was

warned in advance that dismissal was a likely sanction, and (5) whether a lesser

sanction would be effective.

Mr. Robinson addresses the five factors without establishing that Defendants

have engaged in any misconduct. To support his misconduct allegations, Mr.

Robinson focuses on the time between filing his complaint and Defendants' filed

answers. (M. for Default J. at 5 (Doc. 58).) But his argument ignores the fact that:

(1) Mr. Robinson filed an amended complaint after Defendants filed a motion to

dismiss (doc. 21); (2) Mr. Robinson filed a motion to stay the proceedings after

Defendants filed a motion to dismiss his amended complaint (doc. 35); (3)

Defendants regularly filed motions to submit for decision after Mr. Robinson did

6

not file responses or replies (doc. 34, 40, 41); and (4) that the Court did not rule on

Defendants' November 30, 2017 motion to dismiss the amended complaint until

September 6, 2018. (Doc. 45.) Further, in granting Defendants' request for an

extension to answer the amended complaint, the Court found good cause existed

for the extension, and Defendants answered the amended complaint before the

deadline. (Oct. 2, 2018 Order at 3 (Doc. 49).)

Mr. Robinson also cites Defendants' "botched" attempt to consolidate this

matter with Mrs. Robinson's. (M. for Default J. at 7 (Doc. 58).) Defendants

withdrew their motion to consolidate the two cases. The decision to withdraw the

consolidation motion does not constitute misconduct any more than Mr.

Robinson's failure to file his own motion to consolidate constitutes misconduct.

In short, Mr. Robinson bears the burden of demonstrating misconduct by

Defendants to even reach the point of considering the *Ehrenhaus* factors. Mr.

Robinson fails to meet that burden and the inquiry must end.

Even if the Court were to apply the factors to this matter, Mr. Robinson's

requested relief would not be appropriate.

**Prejudice** – Mr. Robinson has not suffered any prejudice as the result of

*Defendants' conduct* because Mr. Robinson himself filed a motion to stay the

proceedings. (Doc. 35.) Further, Mr. Robinson sought to defeat Defendants'

motion to dismiss his amended complaint by filing a second amended complaint (doc. 29) which would have necessitated starting the process anew.

**Degree of Interference with Judicial Process** – Defendants have not interfered with the judicial process. They have followed every Federal Rule of Civil Procedure and requested extensions only as appropriate and as needed. In fact, Defendants filed their answers before the October 22, 2018 deadline. Mr. Robinson has not sought to move the case forward since that time.

**Litigants' Culpability** – Moreover, Defendants have no culpability because they have not engaged in any misconduct. While they have requested reasonable extensions that the Court has granted, the delays caused by those requests are minimal compared with the delays outside Defendants' control, including the motions filed by Mr. Robinson.

**Advanced Warning** – Nor have Defendants received any warning that default judgment was even remotely possible, let alone likely. After all, the Court granted Defendants' most recent request for an extension by finding that good cause existed for the extension.

**Lesser Sanction's Effectiveness** – Finally, no sanction is warranted given the lack of misconduct. It follows, then, that a lesser sanction would be equally effective to redress the matter. In fact, the Court's admonition that it would not

8

grant any additional extensions for Defendants to file their answer effectively

redressed Mr. Robinson's concern.

Therefore, even if Mr. Robinson had met his burden of establishing

misconduct by Defendants, the *Ehrenhaus* factors indicate that Mr. Robinson's

requested relief is not warranted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

deny Mr. Robinson's Motion for Default Judgement as Sanction.


DATED:  December 3, 2018

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ Michael J. Teter
MICHAEL J. TETER
Assistant Utah Attorney General
*Attorney for Defendants*

## CERTIFICATE OF MAILING

I certify that on Monday, December 3, 2018, I electronically filed the foregoing, **DEFENDANTS' MEMORANDUM OPPOSING MOTION FOR DEFAULT JUDGMENT**, using the Court's electronic filing system. I also certify that a true and correct copy of the foregoing was placed in outgoing, United States mail, postage prepaid, to the following:

Harold Robinson
4451 S. Dean Dr.
Apt. A
West Valley, UT 84120
*Pro Se*

/s/ Kara Imai