IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD ROBINSON,<br>Plaintiff,<br><br>v.<br><br>TAD MECHAM, ET AL.,<br><br>Defendants. | REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT AS SANCTION<br><br>Case No. 2:16-cv-00450-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

District Judge Benson referred this matter to Magistrate Judge Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) The matter is before the court on Plaintiff's *Motion for Default Judgement as Sanction* ("Motion"). (ECF No. 58.) Briefing has concluded. The court has carefully reviewed the moving papers submitted by the parties. Pursuant DUCivR 7-1(f), oral argument is unnecessary and the court will determine the motions on the basis of the written papers.

## BACKGROUND

On June 2, 2016, the court granted pro se Plaintiff Harold Robinson ("Plaintiff") leave to proceed in forma pauperis. (ECF No. 2.) Plaintiff filed his Complaint on the same date. (ECF No. 3.) Defendants, in 2016 and 2017, filed several motions to either enlarge the time to answer or to stay the time in which to answer for various reasons from potentially consolidating this matter with a companion matter (*Denise Robinson v. Tad Mecham and Jared Hammon*, Case

2:15-cv-738-CW-BCW, "Companion Case"[1]) to adjusting the due date to accommodate a holiday.  (ECF Nos. 6, 10, 12, 15.)  The court granted these requests (ECF Nos. 7, 13, 16), with the exception of the request to stay the time in which to answer because Defendants withdrew their motion.  (ECF No. 14.)

On March 3, 2017, Plaintiff filed a Verified First Amended Complaint ("Amended Complaint").  (ECF No. 21.)  Plaintiff's Amended Complaint seeks declaratory relief, injunctive relief, damages, and attorney fees for alleged violations of his civil rights during an inspection of Plaintiff's truck at the point of entry located in Kanab, Utah.  (ECF No. 21.)  On October 14, 2017, Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 27), which the court denied on August 20, 2018.  (ECF No. 44.)  On September 6, 2018, the District Judge adopted the order denying the Motion to Dismiss.  (ECF No. 45.)

Instead of lodging a timely answer to the Amended Complaint, as required by the Federal Rules of Civil Procedure, Defendants moved to enlarge the time in which to answer or otherwise respond.  (ECF No. 46.)  Despite opposition, the court granted the motion and instructed Defendants to file an answer no later than October 22, 2019.  (ECF No. 49.)  Currently, Plaintiff, or his successor[2], moves for a default judgment against the Defendants as a sanction for allegedly abusive litigation practices.  (ECF No. 58.)

---

[1] Originally this case and the Companion Case, in relevant part, allege violations of the First, Fourth and Fourteenth Amendments arising from a July 2015 incident at the Kanab Port of Entry.  Plaintiff and his former wife, Denise Robinson, were present during the exchange with most of the Defendants.  *Compare* ECF No. 3 *with* Companion Case ECF No. 3.

[2] Plaintiff died in April of 2019.  His mother, as his purported successor, has filed a Motion for Substitution for which briefing has not concluded.  (ECF No. 65.)

**DISCUSSION**

Federal courts possess inherent powers to punish a litigant's misconduct that abuses the judicial process. *Chambers v Nasco, Inc.,* 501 U.S. 32, 43 (1991). One sanction available is dismissal. Dismissal as a sanction, however, is appropriate only in extreme circumstances amounting to "willfulness, bad faith, or fault." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see also Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988) (stating dismissal with prejudice is a severe sanction reserved for extreme circumstances).

Willful conduct that delays or disrupts the litigation can be enough, when establish by clear and convincing evidence, to serve as a bases for dismissal. *See Arnold v. County of El Dorado,* 2012 EL 3276979, *4 (E.D. Cal. 2012). Furthermore, "[b]efore choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus* at 920 (internal quotations omitted).

Here, Plaintiff fails to establish, by clear and convincing evidence, that Defendants have abused the litigation process by engaging in tactics that amount to willfulness, bad faith, or fault. Plaintiff argues Defendants have impermissibly delayed these proceedings by "engaging in a scheme that included manipulating the proceedings between" this case and the Companion Case, which prejudicially caused a lengthy delay.[3] *See* Motion at 5. The court agrees with Plaintiff

---

[3] While Plaintiff argues it is Defendants who engaged in a scheme that includes manipulating the judicial system by using one case against the other, the case dockets do not support that conclusion. To the contrary, it appears Plaintiff may have leveraged rulings in the Companion

that there have delays in this case, however, those delays are attributable to each party and to the court.

It was the court, not Defendants, who authorized Defendants to file "an answer or other response to Plaintiff's Complaint within fourteen (14) days" of the ruling in the Companion Case. (ECF No. 16.) The Companion Case was dismissed on January 24, 2017. Within fourteen days, Defendants timely and properly filed their Motion to Dismiss ("First MTD"). (ECF No. 20.) While the Motion to Dismiss was pending, Plaintiff amended his original complaint by adding Meb Anderson as a party to the action, while, at that time, he was the Utah Assistant Attorney General representing the Defendants. (ECF No. 21.) Plaintiff's maneuver necessitated Defendants filing a second Motion to Dismiss ("Second MTD") requesting the court terminate Meb Anderson as a party. (ECF No. 23.)

Plaintiff did not oppose the First MTD or Second MTD. Whereas, the Defendants submitted a request to submit in an effort to prompt the court to rule on the pending motions. (ECF No. 24.) After several months, the court determined the First MTD was moot and granted the Second MTD. (ECF Nos. 25, 26.) Therefore, any delay rests with the court.

Separately, under the *Ehrenhaus* factors, a default judgment against Defendants is not warranted. As addressed herein, Defendants were not the source of the delay in this case. To the contrary, Defendants have sought reasonable extensions of time and properly employed local and

---

Case to thwart this court's review of evidence in this matter. For instance, in this case, Plaintiff originally included a DVD surveillance video that captured the events at issue. (ECF No. 4.) However, when the District Court in the Companion Case utilized the same surveillance video as the basis to dismiss the Companion Case, Plaintiff promptly removed the video as an attachment to the amended complaint in this action and attempted to challenge the authenticity of the reordering. *Compare* Companion Case ECF Nos. 32, 44 *with* Amended Complaint filed in this action at ECF No. 21.

federal procedural rules to move this case forward.  Furthermore, even though this court denied Defendants' third Motion to Dismiss ("Third MTD", ECF No. 27), Plaintiff should not interpret this to suggest that the court considers Defendants' Third MTD to be filed in bad faith.  Rather, the court is of the opinion that Defendants appear to be moving this case along, as best as possible, in the face of legally deficient pleadings, *See* ECF Nos. 36, 43, attorney transitions, *see* ECF No. 46, and the death of parties, *see* ECF No. 63.  Thus, Defendants are not culpable for interfering with the judicial process.

More importantly, Defendants have effectively honored this court's orders.  For instance, the court instructed Defendants to file an answer or otherwise respond to Plaintiff's complaint within 14 days of a ruling being issued in the Companion Case.  (ECF Nos. 16, 20).  Defendants did so.  The court further instructed Defendants to file an answer by October 22, 2018.  (ECF No. 49.)  Defendants filed their answer early on October 19, 2019.  (ECF Nos. 53-57.)  Consequently, the court has not been presented with an opportunity to warn Defendants that default judgment was even possible, let alone likely, because Defendants have abided by the orders placed upon them.  Therefore, having considered the factors set forth in *Ehrenhaus*, the Court recommends Plaintiff's Motion should be DENIED.

## ORDER

For the reasons set forth above, the Court recommends the District Judge **DENY** the Motion.  (ECF No. 58.)

Dated this 17th day of July, 2019.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge